# Supreme Court of Texas

No. 22-0079

Courtney D. Alsobrook,

*Petitioner*,

v.

MTGLQ Investors, LP,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

This case became moot after the trial court entered a final judgment and before the plaintiff filed her notice of appeal. The court of appeals dismissed, but it failed to vacate the trial court's judgment. We modify the court of appeals' judgment to vacate the trial court's judgment and dismiss the case.

Courtney Alsobrook bought a home in 2004 but stopped making the required mortgage payments in 2010. The mortgagee, MTGLQ Investors, LP, set a foreclosure sale for November 6, 2018. Four days before the sale, Alsobrook filed this suit seeking temporary and permanent injunctive and declaratory relief. The trial court issued a

temporary restraining order one day before the scheduled foreclosure sale, but Alsobrook did not seek a further injunction after the temporary order eventually expired. Instead, MTGLQ moved for summary judgment, arguing that an earlier judgment in favor of a prior mortgagee permitted foreclosure and barred Alsobrook's suit. The trial court granted MTGLQ's motion and denied Alsobrook's subsequent new-trial motion.

Before Alsobrook filed her notice of appeal, MTGLQ posted the property for foreclosure sale and then purchased it by making the highest bid at that sale. When Alsobrook later filed her appeal, MTGLQ argued that Alsobrook's loss of ownership of the property rendered the appeal moot. ___ S.W.3d ___, 2021 WL 4958860, at *1 (Tex. App.—Dallas Oct. 26, 2021). Concluding that a live controversy no longer existed between the parties, the court of appeals agreed and "dismiss[ed] the appeal without reaching the merits." *Id.* at *3.

Alsobrook sought review in this Court. Although she concedes the foreclosure sale rendered the case moot, she contends the court of appeals should have vacated the trial court's judgment and dismissed the entire case for lack of subject matter jurisdiction. By dismissing the appeal without vacating the underlying judgment, she argues, the court of appeals effectively affirmed the trial court's judgment. We agree.

We have long held that "when a case becomes moot on appeal, all previous orders are [to be] set aside by the appellate court and the case . . . dismissed." *Tex. Foundries, Inc. v. Int'l Moulders & Foundry Workers' Union*, 248 S.W.2d 460, 461 (Tex. 1952). We recently reiterated this long-standing rule. *See Heckman v. Williamson County*, 369 S.W.3d

2

137, 162 (Tex. 2021) ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."). Earlier this year, we again noted our "usual practice" is "to vacate the court of appeals' judgment when a case become[s] moot on appeal to this Court." *Tex. Dep't of Fam. & Protective Servs. v. N.J.*, 644 S.W.3d 189, 192 (Tex. 2022) (quoting *Morath v. Lewis*, 601 S.W.3d 785, 789 (Tex. 2020)). This is necessary because simply dismissing the appeal "would have the effect of affirming the judgment of the lower court without considering any assignments of error thereto." *Tex. Foundries*, 248 S.W.2d at 461.

Here, MTGLQ's purchase of the property preceded Alsobrook's appeal. As the court of appeals correctly concluded, no live controversy existed between the parties after the foreclosure, rendering Alsobrook's claims moot. 2021 WL 4958860, at *3 ("Alsobrook's case has . . . become moot and must be dismissed."). The court of appeals thus correctly concluded that dismissal was required. But, as explained, mootness on appeal requires vacatur of the underlying judgment as well as dismissal of the case. *See Tex. Foundries*, 248 S.W.2d at 461. The court of appeals should have vacated the trial court's judgment and dismissed the case. *See* TEX. R. APP. P. 43.2(e); *Morath*, 601 S.W.3d at 792 (vacating the lower court's judgment and dismissing "the case").

Alsobrook also requests that we vacate the court of appeals' opinion. We typically do not vacate court of appeals' opinions even when the case has become moot, *see N.J.*, 644 S.W.3d at 192 (citing *Morath*, 601 S.W.3d at 790), except in rare circumstances when "the public interest would be served by a vacatur." *Morath*, 601 S.W.3d at 791

3

(quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). Alsobrook has not identified a public interest the court of appeals' opinion affects, nor have we. Moreover, although this case became moot before Alsobrook filed the appeal, the court of appeals' opinion only addressed the mootness question, and Alsobrook acknowledges the opinion correctly determined that issue. *Cf. id.* at 792 (recognizing the threat of gamesmanship by "strategically timed non-suits" by "the party who prevailed below" in "hopes of preserving a favorable appellate precedent"). We therefore decline to vacate the court of appeals' opinion. *See N.J.*, 644 S.W.3d at 193 (declining to vacate the court of appeals' opinion because the Court "d[id] not perceive that a parent's decision to voluntarily terminate his or her parental rights would be motivated by a desire to manipulate precedent or any gamesmanship whatsoever").

For these reasons, without hearing oral argument pursuant to Texas Rule of Appellate Procedure 59.1, we grant Alsobrook's petition for review, modify the court of appeals' judgment to vacate the trial court's final judgment and dismiss the case, and affirm the judgment as modified.

**OPINION DELIVERED:** November 18, 2022